**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| BRANDON WILLIS, on behalf of himself and all others similarly situated, ) ) ) ) | |
| Plaintiff, ) ) | Case No. 21-cv-1716 |
| v. ) ) | |
| UNIVERSAL INTERMODAL SERVICES, INC., ) ) | Jury Demanded |
| Defendant. ) | |

## CLASS ACTION COMPLAINT

Plaintiff Brandon Willis, on behalf of himself and a putative class, brings this Class Action Complaint against Defendant Universal Intermodal Services, Inc. ("Universal"), for their violation of the Illinois Biometric Privacy Act, and alleges the following:

## NATURE OF THE ACTION

1. Universal forces its workers at their Harvey, Illinois location to use a biometric time clock

2. Each day the employees press their hand into the time clock to "punch" in, so that the employees' arrival and departure is recorded by comparing that scan of their fingerprints with a database of fingerprints on file. And each day they do the same to punch out.

3. While the use of fingerprint scans may be more secure for the building than key fobs, identification cards, or combination codes, the use of biometric identifiers in the workplace entails risks for the employees. Fingerprints are permanent, unique biometric identifiers that will be associated with the employee forever, whereas other security measures that may be misplaced

or stolen can be deactivated. Keeping employees' biometric identifiers on file exposes them to serious privacy risks like identity theft and unauthorized tracking.

4. Illinois enacted the Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA") to regulate private entities that collect and store biometric identifiers, such as fingerprints.

5. BIPA "codified that individuals possess a right to privacy in and control over their biometric identifiers and biometric information." *Rosenbach v. Six Flags Ent. Corp.*, 129 N.E.3d 1197, 1206 (Ill. 2019).

6. Universal Intermodal Services, Inc. violated the Plaintiff and putative class members' privacy rights by unlawfully collecting, storing, and dissemination their biometric data and information without complying with BIPA's strict requirements.

## PARTIES

7. Plaintiff Brandon Willis is a natural person and resident of this district, and an employee of Universal Intermodal Services.

8. Universal Intermodal Services, Inc. ("Universal") is a Michigan corporation, with its registered agent Corporate Creations Network Inc., located at 305 S Northwest Hwy 300, Park Ridge, IL 60068.

## JURISDICTION AND VENUE

9. This Court has diversity jurisdiction under 28 U.S.C. § 1332(a) over all Defendants.

10. The parties are completely diverse: Brandon Willis is a citizen of Illinois. Universal Intermodal Services, Inc. is a Michigan corporation with its headquarters in Warren, Michigan – it is thus a citizen of Michigan.

11. An individual may recover between $1,000 and $5,000 in statutory damages for *each* violation of BIPA. Based on the length of time Mr. Willis has worked for Universal and the

number of times his fingerprint was scanned (i.e. collected) each day, the statutory damages he is entitled to far exceed $75,000.

12. This Court has personal jurisdiction over Defendant because they conduct a substantial amount of business here which forms the basis of Plaintiff's claims.

13. Venue is proper here under 28 U.S.C. § 1391(b)(2) because a substantial amount of the acts and omissions giving rise to the claims occurred in this District.

## PLAINTIFF'S FACTUAL ALLEGATIONS

14. Plaintiff was employed by Michael's Cartage, Inc. until it was acquired by on Universal as a subsidiary on April 22, 2019, at which point Plaintiff became an employee of Universal.

15. Until the acquisition, Michael's Cartage, Inc. was headquartered in Bridgeview, IL, and provided intermodal drayage services within a 300-mile radius of the Chicagoland area.

16. In June 2019, after the acquisition, Universal began operating the subsidiary out of a location in Harvey, Illinois.

17. At that time, Universal installed biometric time clocks at the Harvey location and, without consent, began collecting the handprints and/or fingerprints of its employees, by requiring them to use the biometric time clocks to clock in and out each day.

18. Defendant stored Plaintiff's and the other employees' biometric data in their computer systems.

19. Defendant also transmitted that biometric data to external data servers and third-party payroll companies.

20. When Plaintiff and other employees at Universal began and ended their workdays, they were required to press their finger into Universal's fingerprint scanner time clock to register their arrival or departure.

21. More than ten years ago, the Illinois Legislature recognized the promises and perils of biometric identification technology. It passed the Biometric Information Privacy Act, 740 ILCS § 14/1 *et seq.*, to establish and safeguard Illinois' residents absolute right to control their biometric data.

22. Under the act, a fingerprint is a biometric identifier. *Id.* at § 14/10.

23. Biometric information is any information derived from a biometric identifier, regardless of how it is captured, stored, or shared. *Id.*

24. Plaintiff's and Class members' fingerprints were obtained by Defendant and stored on Defendant's equipment to later identify each individual.

25. Each time Plaintiff scanned his fingerprints using the time clock, Defendant obtained his fingerprint.

26. Under the act, a private entity in possession of either biometric identifiers or information must develop a written policy, available to the public, establishing a retention schedule and guidelines for permanently destroying the information or identifiers. *Id.* § 14/15(a). More importantly, private entities must also comply with that policy. *Id.*

27. Defendant did not provide any policy establishing either a retention schedule or guidelines for permanently destroying the biometric data during Plaintiff's employment. Neither Plaintiff nor any member of the Class were informed of any policy at that time. Logically, Defendant did not comply with any (nonexistent) such policy either.

28. Under the act, a private entity is prohibited from collecting, capturing, or otherwise obtaining a person's biometric information or identifier unless it first: a) informs the subject in writing that the information or identifier is being collected or stored; b) informs the subject in writing of the specific purpose and length of term for which the information or identifier is being

collected, stored, or used; and, c) receives a written release from the subject of the information or identifier. *Id.* at § 14/15(b).

29. During Plaintiff's employment, neither he nor any class member were informed in writing of any of the information required under § 14/15(b). Neither the Plaintiff nor any class member executed a written release to Defendant regarding their biometric information.

30. Under the act, a private entity in possession of biometric information or identifiers may not disclose, redisclose, or disseminate a person's biometric identifier or information unless the person consents to the disclosure or re-disclosure. *Id.* at § 14/15(d).

31. Specifically, on information and belief, Defendants allowed other employees and third-parties access to the print and scan database and disseminated the biometric information by transmitting it both internally and externally.

32. In particular, Universal transmitted the biometric data to third-party payroll providers and external data storage servers.

33. Plaintiff Willis and the putative class members never consented to these disclosures.

34. Lastly, a private entity in possession of biometric identifiers or information must store, transmit, and protect from disclosure all biometric identifiers and information using a reasonable standard of care and in the same way the private entity stores, transmits, and protects other sensitive information. *Id.* at § 14/15(e).

35. Sometime last year, Universal was the victim of a large-scale data breach. Accordingly, on information and belief, Defendants do not store, transmit, or protect the fingerprint database in the same way they would do so to other sensitive information and/or using a reasonable standard of care.

36. In the past three years, Universal has acquired multiple new subsidiaries in Illinois and nationwide, and thus employed dozens of employees in Illinois. Based on Plaintiff's experience working at the Harvey, Illinois location, more than 40 individuals had their biometric privacy rights violated by Universal.

## CLASS ALLEGATIONS

37. Brandon Willis brings this action on behalf of himself and under Fed. R. Civ. P. 23, on behalf of a class defined as:

> All persons in the United States who are or were employed by Universal Intermodal Services, Inc., and who used a biometric timeclock or other biometric device in Illinois, at any time from five years before the date of Plaintiff's complaint to the date the class is certified.

38. Plaintiff reserves the right to amend or modify the Class definition as necessary following discovery.

39. On information and belief, the Class is so numerous that joinder is impracticable. While the exact number is unknown, Plaintiff believes that at least 40 individuals would be included in the class.

40. Common questions of law and fact exist and predominate over individual questions and include:

    a. Whether Defendant collected, captured, or otherwise obtained the Class's biometric identifiers;

    b. Whether Defendant informed Class members in writing of the specific purpose for collecting, using, and storing their biometric identifiers;

    c. Whether any of the members consented, via a written release, to their biometric identifier being used and stored by Defendant;

d. Whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers;

e. Whether Defendant complied with any such written policy;

f. Whether Defendant disclosed, re-disclosed, or otherwise disseminated the biometric information and identifiers and if so whether they obtained consent to do so from each individual.

g. Whether Defendant stored, transmitted, and protected the fingerprint database with the requisite level of care.

h. The extent of any damages incurred by Class members as a result of Defendant's actions.

41. Plaintiff's claims are also typical and co-extensive with the claims of the class because he and members of the Class have all suffered the same injuries as a result of identical conduct by Defendants.

42. Plaintiff will fairly and adequately protect the interests of the proposed Class and he has retained counsel with experience in consumer law, Illinois law, and federal class actions.

43. A class action is superior to other methods of adjudication. The Class seeks injunctive relief applicable to the Class as a whole; due to the complexity of the claims, individual actions are not likely to be economically feasible; based on the possibility of a large Class size, individual litigation would be a burden on the courts and result in delay and inconsistent results.

## COUNT I – VIOLATIONS OF BIPA 740 ILCS § 14/15(a)

44. Plaintiff restates and alleges the above paragraphs as if set forth fully herein.

45. Defendant violated BIPA 740 ILCS § 14/15(a) by failing to develop and maintain a publicly available retention and destruction schedule.

46. Defendant also violated BIPA 740 ILCS § 14/15(a) by failing to comply with any such policy.

47. Defendant's violation of the rights of Plaintiff and the Class under BIPA render them liable to Plaintiff and the Class members for $1,000 or $5,000 in liquidated damages per violation, and equitable relief, attorneys' fees and costs. 750 ILCS 14/20.

## COUNT II – VIOLATION OF BIPA 740 ILCS § 14/15(b)

48. Plaintiff restates and alleges the above paragraphs as if set forth fully herein.

49. Defendant violated BIPA 740 ILCS § 14/15(b) by obtaining biometric identifiers without making the required disclosures and receiving a written release from each Class member.

50. Defendant did not make disclosures to Plaintiff or the Class members.

51. Neither Plaintiff nor the Class members executed a written release.

52. Defendant's violation of the rights of Plaintiff and the Class under BIPA render them liable to Plaintiff and the Class members for $1,000 or $5,000 in liquidated damages per violation, and equitable relief, attorneys' fees and costs. 750 ILCS 14/20.

## COUNT III – VIOLATION OF BIPA 740 ILCS § 14/15(d)

53. Plaintiff restates and alleges the above paragraphs as if set forth fully herein.

54. Defendant violated BIPA 740 ILCS § 14/15(d) by disclosing, re-disclosing, or disseminating Plaintiff and the Class members biometric information.

55. Defendant allowed other employees and third-parties access to the print database and servers and disseminated the biometric information by transmitting it both internally and externally.

56. Defendant's violation of the rights of Plaintiff and the Class under BIPA render them liable to Plaintiff and the Class members for $1,000 or $5,000 in liquidated damages per violation, and equitable relief, attorneys' fees and costs. 750 ILCS 14/20.

## COUNT IV – VIOLATION OF BIPA 740 ILCS § 14/15(e)

57. Plaintiff restates and alleges the above paragraphs as if set forth fully herein.

58. Defendant violated BIPA 740 ILCS § 14/15(e) by failing to store, transmit, and protect the fingerprint database with the requisite level of care.

59. Access to the fingerprint database and the biometric information and identifiers stored therein was, on information and belief, protected only with weak and/or shared passwords and unencrypted.

60. Defendant's violation of the rights of Plaintiff and the Class under BIPA render them liable to Plaintiff and the Class members for $1,000 or $5,000 in liquidated damages per violation, and equitable relief, attorneys' fees and costs. 750 ILCS 14/20.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Brandon Willis, on behalf of himself and the Class, respectfully requests that the Court enter an Order:

A. Certifying this case as a class action on behalf of the Class defined above (or on behalf of such other class the Court deems appropriate), appointing Plaintiff as representative of the Class, and appointing his attorneys as class counsel;

B. Awarding liquidated damages of $1,000 for each negligent violation, and $5,000 for each intentional or reckless violation, of BIPA that Defendant committed;

C. Awarding injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and the Class, including an order requiring Defendant to stop collecting

biometric data from its employees immediately; developing and complying with a retention and destruction schedule; to stop disseminating their employees' biometric data immediately; to submit to a court-appointed data security expert; and to implement any necessary protocols identified by the monitor to ensure that Universal stores and transmits any biometric data in accordance with BIPA.

      D.      Awarding Plaintiff and the Class their reasonable attorneys' fees and costs; and

      E.      Awarding such other and further relief as equity and justice may require.

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted:
/s/ Michael W. Drew

Michael Drew
Neighborhood Legal LLC
20 N. Clark Street #3300
Chicago, IL 60602
312-967-7220
mwd@neighborhood-legal.com

Michael Wood
Celetha Chatman
Community Lawyers LLC
20 N. Clark Street, Suite 3100
Chicago, IL 60602
Tel (312) 757-1880
mwood@communitylawyersgroup.com
*Attorneys for Plaintiff*

Pursuant to 28 U.S.C. § 1746(2), I hereby verify under penalty of perjury that the foregoing is true and correct and that I have personal knowledge of the factual statements set forth in this complaint.

Date: _____

_____
Brandon Willis