```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION
```

Brandon Willis, on behalf of  )
himself and all others        )
similarly situated,           )
                              )
      Plaintiff,             )
                              )
                              )
  v.                          ) No. 21 C 1716
                              )
                              )
Universal Intermodal Services,)
Inc., et al.,                 )
                              )
      Defendants.            )
                              )

## Order

Brandon Willis worked for a logistics company called Universal Intermodal Services ("UIS") at a facility in Harvey, Illinois. He claims that UIS required its workers to track their time using timekeeping system that scanned their fingerprints. In this action, Willis asserts, on behalf of himself and a class, that UIS and four related entities—Universal Logistics Holdings, Inc. ("ULH"), HR-1 LLC ("HR-1"), Universal Management Services, Inc. ("UMS"), and Data System Services LLC ("DSS"), all of which are citizens of Michigan—violated the Illinois Biometric Privacy Act, 740 ILCS 14/1, et seq. ("BIPA") in their handling of his biometric information; in the policies they maintained (or failed to maintain); and the notices they provided (or failed to provide)

concerning the collection, possession, retention, and/or transmission of the same. All defendants move to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, and all but UIS (the "non-employer defendants") move to dismiss under Rule 12(b)(1) for lack of personal jurisdiction. Both motions are denied.

This case has been pending since March of 2021, yet it is still in its infancy. The judge previously assigned to the case issued a stay to allow the Illinois state courts to resolve important issues of claim accrual and time limitations. With these issues settled (at least for a time), I lifted the stay nearly two years ago, after which the parties embarked upon jurisdictional discovery punctuated by extensive motion practice over the hotly contested question of personal jurisdiction. To understand the issue, a brief summary of defendants' corporate structure and the relevant activities of each entity is helpful.

Defendants are all entities organized and headquartered in Michigan. ULH is a holding company with no employees. It is the parent company of multiple wholly owned subsidiaries, including plaintiff's employer, UIS. At times relevant to this action, UIS had in place a timekeeping and security system that used fingerprint scanners to authenticate the identities of its employees, including plaintiff. UMS, another of ULH's wholly owned subsidiaries, formally employs and pays the salaries of all of

2

ULH's corporate officers. Most of ULH's officers are also officers of UMS and hold the same or substantially the same role as officers of both entities. UMS provides support services to UIS and other ULH subsidiaries, and it has three employees in Illinois. DSS provides technology and hardware to ULH's operating subsidiaries, and it also manages and stores data for these companies pursuant to its contract with ULH. HR-1 similarly contracts with ULH to provide personnel management and administration services to ULH's subsidiaries, including those operating in Illinois, such as UIS.

At issue here is whether I may exercise specific jurisdiction over the non-employer defendants. Specific jurisdiction concerns "the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (quoting *Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 775 (1984)). Because the non-employer defendants challenge jurisdiction, plaintiff must point to *prima facie* evidence that each of them purposefully availed itself of the privilege of conducting business in Illinois, and that plaintiff's injury arose out of these defendants' forum-related activities. *See Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 398 (7th Cir. 2020). My exercise of jurisdiction must also comport with traditional notions of fair play and substantial justice. *Id*.

3

The non-employer defendants argue that personal jurisdiction is appropriate only as to plaintiff's employer, UIS, because only that entity was involved in the alleged capture, collection, storage, disclosure, dissemination, or transmission of information protected by BIPA, and was the only entity responsible for complying with BIPA's notice and consent requirements.[1] But the record is not so clear. While plaintiff's fingerprints may have been scanned at UIS facilities and at that entity's direction, he points to evidence that ULH subsidiaries implemented fingerprint scanners at the direction of ULH's Board Chairman, Matt Maroun. *See* ECF 156-23 at 6-8. And indeed, DSS purchased the fingerprint scanners at issue here pursuant to its contract with ULH, and it billed UMS for the purchase. UMS also submitted purchase orders to DSS for fingerprint scanners for other ULH subsidiaries with facilities in Bridgeview, Illinois and Schaumburg, Illinois. In addition to purchasing scanners for use in Illinois, DSS hosted

---

[1] These defendants also argue that personal jurisdiction over them cannot be based on the "alter ego" theory grounded in "bald allegations that they operate as a single enterprise or that they are agents of one another." ECF 110 at 13, 14. While it is true that plaintiff's amended complaint asserts vicarious liability against certain defendants, his response to the jurisdictional motion focuses on each entity's own forum contacts, and I do not understand his jurisdictional argument to be grounded in an alter ego theory. At all events, I rest my conclusion that these entities are subject to personal jurisdiction on each entity's own forum contacts, and the question of whether any defendant may be vicariously liable for the conduct of any other may be left for another day.

and managed the server that contained fingerprint data derived from these scanners.[2] DSS provided these services pursuant to its agreement with ULH and were paid for by UMS.

As for HR-1, plaintiff points to the deposition testimony of that entity's 30(b)(6) witness, who stated that HR-1 was an "advocate" for the use of fingerprint scanners as "the preferred time and attendance system" for ULH's operating subsidiaries, including UIS. ECF 156-2 at 310. Indeed, by the end of 2022, HR-1 "require[d]" these facilities to use fingerprint scanners. Id. at 309. HR-1 also worked with lawyers to develop a BIPA consent form that would be provided as part of the onboarding of "new hires in Illinois." *Id*. at 234.

The non-employer entities insist that DSS and HR-1 performed all services related to plaintiff's claims pursuant to their respective contracts with ULH; but the Michigan citizenship of the contracting entities does not alter the fact that each of these entities understood that the machinery, data, and policies related to fingerprint scanning that are at the heart of this action would be used, created, and/or carried out in Illinois and would concern Illinois employees. Indeed, the Illinois contacts identified in

---

[2] The scanner used at the Harvey, Illinois facility operates with MorphoManager software, which authenticates an employee's identity by comparing a view of the employee's fingerprint when the employee's finger is placed on the scanner to a proprietary alpha-numeric "hash" created when the employee is enrolled in the system.

5

the preceding paragraphs "directly relate to the challenged conduct" in the amended complaint. *Matlin v. Spin Master Corp.*, 921 F.3d 701, 705 (7th Cir. 2019). Accordingly, they are adequate to support personal jurisdiction.

The cases defendants cite do not compel a contrary conclusion. The contacts at issue here differ in kind from those in cases such as *Stein v. Clarifai, Inc.*, 526 F.Supp.3d 339, 342 (N.D. Ill. 2021), where the defendants "had no knowledge" of where the users of the technology in question were located. Based on their suit-related Illinois contacts here, I conclude that there is nothing unjust about requiring the non-employer defendants to answer for their conduct in this state.

Defendants' motion to dismiss under Rule 12(b)(6) requires little discussion. The main thrust of their argument is that plaintiff's allegations reflect inappropriate "group pleading" that fails to inform each defendant of the conduct for which plaintiff claims it is liable, and that plaintiff asserts some facts "on information and belief." Having reviewed plaintiff's allegations, I conclude that it amply satisfies the pleading requirements of Rule 8 and is sufficient under *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007). To the extent defendants argue, citing *Jones v. Microsoft Corp.,* 649 F. Supp. 3d 679, 684 (N.D. Ill. 2023), that plaintiff's complaint is too vague to explain adequately the "active role"

6

that each entity played in the alleged violations, the argument cannot be squared with the allegations themselves, which describe each entity's role in substantial detail.

For the foregoing reasons, defendants' motions to dismiss are denied.

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge

Dated: December 6, 2024