**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| BRANDON WILLIS, individually and on behalf of others similarly situated,<br><br>      Plaintiff,<br><br>      v.<br><br>UNIVERSAL INTERMODAL SERVICES, INC.; UNIVERSAL LOGISTICS HOLDINGS, INC.; UNIVERSAL MANAGEMENT SERVICES, INC.; HR-1 LLC; and DATA SYSTEM SERVICES LLC,<br><br>      Defendants. | Case No. 1:21-cv-01716<br><br>Judge Elaine E. Bucklo<br><br>Magistrate Judge Heather K. McShain |

## JOINT STATUS REPORT TO JUDGE BUCKLO

Plaintiff BRANDON WILLIS ("Plaintiff" or "Willis") and Defendants UNIVERSAL INTERMODAL SERVICES, INC. ("Universal Intermodal"); UNIVERSAL LOGISTICS HOLDINGS, INC. ("ULH"); UNIVERSAL MANAGEMENT SERVICES, INC. ("UMS"); HR-1 LLC ("HR-1"); and DATA SYSTEM SERVICES LLC ("DSS"), (collectively, "Defendants", and with Plaintiff, the "Parties") respectfully submit this Joint Status Report, in accordance with the Court's Order dated April 6, 2026 [Dkt. 297], and further state as follows:

### Background

This is a putative class action alleging claims under the Illinois Biometric Information Privacy Act, 740 ILCS 14/5 *et seq* ("BIPA"). The case was initially brought against Universal Intermodal only and was stayed from August 6, 2021 [Dkt. 21], through January 13, 2023 [Dkt. 43]. Plaintiff filed a First Amended Class Action Complaint on August 29, 2023, that added ULH, UMS, HR-1, and DSS as Defendants (collectively, the "New Defendants"). The New Defendants

1

filed a Motion to Dismiss for Lack of Personal Jurisdiction [Dkt. 109] and all Defendants filed a Motion to Dismiss for Failure to State a Claim [Dkt. 111]. On December 6, 2024, the Court denied Defendants' Motions to Dismiss on [Dkt. 186].

The Court has granted Plaintiff's motion for partial summary judgment, ruling that "Amended BIPA does not apply retroactively." [Dkt. 212 at 3.] Defendants appealed and on April 1, 2026, the Court of Appeals for the Seventh Circuit reversed this Court's ruling. [Dkt. 306.] On April 23, 2026, the mandate of the Court of Appeals for the was filed with this Court.

*Pending and Anticipated Motions*

As of February 9, 2026, the Parties completed briefing on Plaintiff's motion for class certification and the Court's ruling is pending. [*See* Dkts. 268, 282, 286.]

On April 23, 2026, Plaintiff filed a motion for leave to take the depositions of Matthew T. Moroun and Tim Phillips over Defendants' objections. [Dkt. 303.] Magistrate Judge McShain has ordered Defendants to file their response by May 6, 2026.

Plaintiff anticipates filing a motion to strike Defendants' good faith defenses [Dkt. 200, Aff. Defs. Nos. 13, 14, and 24] and to exclude testimony relating to their purported reliance on the advice of counsel to comply with BIPA. Defendants have refused to produce and objected to disclosure of attorney client communications, yet they have continued to offer testimony that expressly refers to their reliance on counsel in defense of their conduct. Defendants maintain they have not asserted reliance on counsel as a "good faith" defense; instead, Defendants have asserted the signed consent forms are a statutory defense pursuant to the BIPA statute. Defendants anticipate filing a motion for summary judgment to address the validity of the consent forms signed by a majority of the putative class.

*Discovery schedule*

Written fact discovery closed as of April 21, 2026. [Dkt. 300.] Plaintiff seeks to resolve a discrete issue relating to the feasibility of production of raw scan data from local equipment. The Parties plan to confer further to resolve this issue.

The deadline for completing fact witness depositions is May 8, 2026. [Dkt. 281.] Except for the disputed depositions of Moroun and Phillips, the Parties have completed all planned depositions as of April 29, 2026. If permitted to proceed, the Parties anticipate that scheduling for the Moroun and Phillips depositions will not affect the expert discovery schedule.

Expert discovery is scheduled to be completed by August 7, 2026. [Dkt. 281.]

*Summary judgment and trial schedule*

The Parties have not requested, and the Court has not set, a schedule relating to summary judgment or trial.

*Settlement Discussions*

The Parties have discussed the possibility of settlement but the Parties believe that open issues prevent meaningful discussion of settlement at this time. The Parties have previously deferred settlement discussions until after resolution of the appeal to the Seventh Circuit; and resolution of the pending class certification motion. The appeal has now been resolved, and ruling on class certification is pending. Defendants believe that their anticipated motion on the validity of the consent forms will require resolution.

3

Dated: April 30, 2026

Respectfully Submitted,

**Universal Intermodal Services, Inc.;
Universal Logistics Holdings, Inc.; HR-1
LLC; Universal Management Services, Inc.;
Data System Services LLC**

**Brandon Willis**

By: */s/  Melissa Pesce*

By: */s/ Paul J. Ripp*

Harry J. Secaras (ARDC No. 6201861)
Jennifer H. Kay (ARDC No. 6226867)
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
155 North Wacker Drive, Suite 4300
Chicago, Illinois 60606
Telephone: 312.558.1220
Facsimile: 312.807.3619
harry.secaras@ogletree.com
jennifer.kay@ogletree.com

Christopher J. Barber
Paul J. Ripp
William B. McAllister
Andrew C. Chamberlain
Williams Barber & Morel Ltd.
233 South Wacker Drive, Suite 6800
Chicago, IL 60606
312 443-3200 (phone)
312 630-8500 (fax)
cjb@williamsbarbermorel.com
wbm@williamsbarbermorel.com
pjr@williamsbarbermorel.com
acc@williamsbarbermorel.com

Melissa M. Pesce (ARDC #6231145)
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
7700 Bonhomme Ave., Suite 650
St. Louis, Missouri 63105
Telephone: 314.898-4079
Facsimile: 314-802-3936
Melissa.Pesce@ogletree.com

Michael Drew
Neighborhood Legal, LLC
20 N. Clark St., Suite 3300
Chicago, IL 60602
312 967-7220
mwd@neighborhood-legal.com

*Attorneys for Defendants*

*Attorneys for Plaintiff*

4