IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Brandon Willis, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Universal Intermodal Services, Inc., et al.,<br><br>Defendants. | No. 21 C 1716 |

Memorandum Opinion and Order

Plaintiff Brandon Willis, on behalf of himself and a putative class, filed suit for violations of the Illinois Biometric Information Privacy Act (BIPA) arising from the use of a fingerprint-based timekeeping system at his work. Before me is Willis's motion to exclude the expert testimony of Dr. Behnam Bavarian. Defendants Universal Intermodal Services, Inc., Universal Logistics Holdings, Inc., HR-1 LLC, Universal Management Services, Inc., and Data System Services LLC oppose the motion. For the reasons below, I grant Willis's motion.

I.

The parties agree on the following: Willis and the putative class used the Morpho timekeeping system to clock in and out of

work. To enroll a user in the Morpho system, the Morpho Enroller scans a worker's fingerprint and generates images of the fingerprint. Those images are then used to create an "enrollment template" of the fingerprint which is stored in an electronic database. Upon arrival and departure at the workplace, workers scan their fingerprints on a fingerprint scanner, and the system compares information from each new scan to the enrollment templates in the database to track each worker's time and attendance.

Defendants asked Bavarian to provide an opinion on whether the devices used in the Morpho timekeeping system "capture, collect, store, or transmit either 'biometric identifiers' or 'biometric information' as those terms are used in the Illinois Biometric Information Privacy Act (BIPA)." Report of Dr. Behnam Bavarian, ECF 369-1 at 4 (sealed) (emphases omitted). Bavarian's report offers four opinions:

> Opinion1: [sic] Enrollment Is the Single Point of "Fingerprint" Capture in the Morpho System and "Fingerprints" Are Not Captured, Collected, Stored or Transmitted During Enrollment.
> . . . .
> Opinion 2: The Morpho Template Created During Enrollment Is Not Based on a "Fingerprint" but Instead [I]s Based on Three Fingerprint Images.
> . . . .
> Opinion 3: The Fingerprint Scanners Do Not Capture, Collect, Store or Transmit "Fingerprints" or Templates Based on "Fingerprints."
> . . . .
> Opinion 4: None of the Devices in the Morpho System at Issue Capture, Collect, Store or Transmit a "Fingerprint" or Biometric Information Based on a "Fingerprint."

*Id.* at 26–29. In the first opinion, Bavarian concludes that the fingerprint image is not a "fingerprint" "[r]eferring to the definitions in BIPA," based on his assertion that the fingerprint images do not meet the image quality standards "set by NIST [the National Institute of Standards and Technology] and adopted by the FBI." *Id.* at 27. Opinions two and four are based on an assumption that the fingerprint images are not "fingerprints." *See id.* at 27–29. Opinion three, in contrast, does not discuss image quality and instead asserts that the fingerprint scanners do not capture images at all. Willis seeks to exclude Bavarian from testifying as to any and all of the opinions.

II.

"The admissibility of expert testimony is governed by Federal Rule of Evidence 702 and the Supreme Court's opinion in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993)." *Lewis v. CITGO Petroleum Corp.*, 561 F.3d 698, 705 (7th Cir. 2009) (citing *Naeem v. McKesson Drug Co.*, 444 F.3d 593, 607 (7th Cir. 2006)). Under Rule 702:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
>
> > (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702. "Expert testimony is admissible when the testimony is reliable and would assist the trier of fact to understand the evidence or determine a fact at issue in a case." *Lewis*, 561 F.3d at 705 (citing Fed. R. Evid. 702; *Daubert*, 509 U.S. at 589–91). "The district court plays a crucial role as 'evidentiary gatekeeper,' admitting expert evidence only after evaluating: '(1) the proffered expert's *qualifications*; (2) the *reliability* of the expert's methodology; and (3) the *relevance* of the expert's testimony.'" *Hillman v. Toro Co.*, 164 F.4th 971, 979 (7th Cir. 2026) (quoting *Gopalratnam v. Hewlett-Packard Co.*, 877 F.3d 771, 778–79 (7th Cir. 2017)).

III.

I first consider opinions one, two, and four. The question before me is whether Bavarian's testimony would assist the trier of fact. Defendants argue that Bavarian's opinions provide "technical guidance" and should be admitted in order to aid me in interpreting the meaning of "fingerprint" under BIPA. ECF 376 at 4–5. Defendants assert that I will need to determine whether the fingerprint images are "fingerprints," which would be a covered biometric identifier under BIPA, 740 Ill. Comp. Stat. 14/10, or

"photographs," which would not, *id.*, and that Bavarian's testimony will assist me in making this determination. ECF 376 at 7.

Bavarian's testimony goes to a legal interpretation question for which expert testimony is not needed if the underlying facts are not disputed. BIPA claims may require expert discovery. *Svoboda v. Amazon.com Inc.*, 168 F.4th 956, 962-63 (7th Cir. 2026) ("[T]his [BIPA] requirement . . . raises two common questions that may require expert discovery . . . (1) whether the facial data used by the operation of the VTO application constitutes biometric identifiers or information within the meaning of BIPA and (2) whether the use of the VTO means Amazon collected, captured, obtained, or possessed it."). However, not every BIPA claim will require expert testimony. Two other cases in this district examining expert testimony in the context of BIPA claims arising out of the use of fingerprint timekeeping systems are instructive.

In *Howe v. Speedway LLC*, the court considered a BIPA claim arising from the use of a fingerprint timekeeping system. No. 1:19-CV-01374, 2024 WL 4346631 (N.D. Ill. Sep. 29, 2024). The fingerprint scanner at issue scanned only a portion of the fingertip, and the defendant therefore claimed that the system did not capture a "fingerprint." *Id.* at *2. The plaintiff sought to introduce an expert's opinions that the fingerprint image captured by the timekeeping system was a biometric identifier under BIPA and the template created from the fingerprint scan was biometric

information under BIPA. *Id.* at *4. The court excluded these opinions because "the parties d[id] not have a factual dispute on what information the timeclocks collect[ed]" and "[w]hether the scanned image captured by the timeclocks ultimately constitutes a 'fingerprint' protected as a biometric identifier under BIPA is not a question of fact that requires testimony from a technical expert." *Id.* at *4–5.

In *Fleury v. Union Pacific Railroad Co.*, the defendant argued that its biometrics expert's testimony was necessary because "whether the Lumidigm finger scanner collected 'fingerprints' is a question of fact." No. 1:20-CV-390, 2026 WL 2445189, at *10 (N.D. Ill. Aug. 20, 2026). The expert's testimony explained that "'fingerprints are impressions made by the pattern of ridges on the *surface* of a finger' and 'the sensor captured only subdermal information (from *beneath* the surface of the skin).'" *Id.* However, because the plaintiff did not dispute that the scanner captured subdermal features of the finger and the disagreement instead turned on whether the scans constituted fingerprints, this was "an issue of statutory interpretation for the Court to decide, not a question of fact for the jury." *Id.* at *11. The defendant also attempted to introduce expert testimony "regarding whether multispectral imaging technology meets law enforcement standards for fingerprint collection or analysis." *Id.* The court characterized this point as a "nonstarter," and noted "BIPA has no

language even suggesting that law enforcement standards bear on its application or interpretation." *Id.*

Defendants attempt to distinguish *Howe*—and presumably other cases like it—by arguing that the expert in *Howe* was opining on whether the fingerprint image was a "fingerprint" under BIPA, while here Bavarian's testimony goes to whether the fingerprint images are "fingerprints" as the term is used by the biometrics industry. ECF 376 at 9. Defendants' argument fails. First, Bavarian's expert testimony draws conclusions on whether the fingerprint images are "fingerprints" "[r]eferring to the definitions in BIPA." Report of Dr. Behnam Bavarian, ECF 369-1 at 27 (sealed). Thus, Bavarian's testimony does go to whether the image is a "fingerprint" under BIPA. Second, to the extent that the testimony speaks only to whether the images meet an industry standard established by NIST, defendants fail to demonstrate that understanding whether these images meet this standard would be helpful for the court. Defendants cite no case in which "fingerprint" was interpreted with reference to an industry standard, and there are good reasons to suspect that industry standards should not apply, given that many industry standards arise in the criminal context, while BIPA focuses on protecting privacy. *See Fleury*, 2026 WL 2445189, at *11 ("BIPA has no language even suggesting that law enforcement standards bear on its application or interpretation. Defendant is a publicly traded company controlling access to its facilities

defending an action under a preponderance of evidence standard, not a law enforcement agency attempting to identify and prosecute perpetrators of crimes under a reasonable doubt standard. Simply put, law enforcement fingerprint collection standards are irrelevant.”). Therefore, to the extent that Bavarian’s testimony offers opinions as to whether the fingerprint images meet the NIST industry standard, it is excluded as irrelevant.

As in *Howe* and *Fleury*, no underlying facts are in dispute. The parties do not disagree about the way in which the Morpho system functions and disagree only as to whether the fingerprint images are “fingerprints” under BIPA. Because no underlying facts are in dispute and whether these images are “fingerprints” is a legal question, no expert testimony is needed on whether the fingerprint images and templates are covered under BIPA. I therefore follow the *Howe* and *Fleury* courts in excluding Bavarian’s expert testimony to the extent that it offers an opinion on whether the fingerprint images and enrollment templates are “fingerprints” and “biometric information” under BIPA, respectively.

In sum, the underlying facts of how the Morpho Enroller operates are undisputed. Defendants admit that Bavarian’s testimony will not be helpful for the trier of fact, ECF 376 at 6–7, and I agree.

IV.

I now turn to opinion three. In opinion three, Bavarian states that "'fingerprints' are not captured, collected, stored or transmitted by the Finger Scanners . . . ." Report of Dr. Behnam Bavarian, ECF 369-1 at 28 (sealed). Opinion three contains two distinct assertions. First, Bavarian asserts that the fingerprint scanners do not create the enrollment templates. *Id.* Second, Bavarian asserts that the fingerprint scanners do not capture or create an image of the fingerprint at all, and instead merely view the fingerprint as it is placed on the sensor to compare it to the enrollment templates. *Id.* Unlike opinions one, two, and four, opinion three is not based on image quality; Bavarian claims here that no images are created. Because opinion three does not rest on the same assumption as the other opinions, I address it separately.

To the extent that opinion three is a legal opinion about whether "fingerprints" as the term is used in BIPA are captured by the fingerprint scanners, opinion three is inadmissible for the same reasons as opinions one, two, and four. The parties agree that the fingerprint scanner scans a worker's finger when she clocks in and out of work (a "swipe") and compares the scan to the enrollment templates, and that the date and time of each swipe is sent to a server for defendant HR-1 to use to process payroll. Defs.' Resp. to Pl.'s Statement in Supp. of Mot. for Partial Summ. J., ECF 334 at 7-8. If Bavarian seeks only to testify that this

use of the fingerprint scanners does not violate BIPA, his testimony is a legal opinion that will not be helpful to the trier of fact and is therefore inadmissible.

To the extent that Bavarian's testimony is a factual opinion that the fingerprint scanners neither (1) create enrollment templates nor (2) capture fingerprint images, his testimony is also inadmissible. First, the parties agree that the enrollment templates are created by the Morpho Enroller. *Id.* at 5–6, 23. Because Bavarian's testimony that the Morpho Enroller, not the fingerprint scanner, creates the enrollment template merely repeats a fact agreed upon by the parties, it will not help the trier of fact. Second, his testimony that the fingerprint scanners do not capture images is unhelpful because, although it relates to a fact at issue, his testimony provides no *expert* interpretation of the evidence.

Bavarian's testimony as to whether the fingerprint scanners capture images does relate to a fact at issue. Willis alleges, and defendants deny, that "[t]he scanner system authenticates an enrolled person's identity by using the presentation of fingerprint(s) to the scanner *which then captures fingerprint images*, converts them [sic] image to digital representations of the fingerprints ("authentication template"), and compares the authentication template to the enrollment template stored on a DSS

server." Defs.' Answer & Affirmative Defenses to Pl.'s First Am. Class Action Compl., ECF 200 at 17 (emphasis mine).

However, Bavarian's testimony will not assist the trier of fact in understanding the evidence or determining a fact at issue. "[E]xpert testimony does not assist the trier of fact when the jury is able to evaluate the same evidence and is capable of drawing its own conclusions without the introduction of a proffered expert's testimony." *Sullivan v. Alcatel-Lucent USA Inc.*, No. 1:12-CV-07528, 2014 WL 3558690, at *6 (N.D. Ill. July 17, 2014) (alteration in original) (quoting *Aponte v. City of Chicago*, No. 1:09-cv-8082, 2011 WL 1838773, at *2 (N.D. Ill. May 12, 2011)); *see also Dhillon v. Crown Controls Corp.*, 269 F.3d 865, 871 (7th Cir. 2001) ("[A]n expert . . . must testify to something more than what is 'obvious to the layperson' in order to be of any particular assistance to the jury." (alterations in original) (quoting *Ancho v. Pentek Corp.*, 157 F.3d 512, 519 (7th Cir. 1998)). "An expert 'cannot be presented to the jury solely for the purpose of constructing a factual narrative based upon record evidence.'" *Newman ex rel. Newman v. McNeil Consumer Healthcare*, No. 1:10-cv-1541, 2013 WL 9936293, at *6 (N.D. Ill. Mar. 29, 2013) (quoting *In re Fosamax Prods. Liab. Litig.*, 645 F. Supp. 2d 164, 192 (S.D.N.Y. 2009)); *United States v. Hall*, 93 F.3d 1337, 1343 (7th Cir. 1996) ("Unless the expertise adds something, the expert is at best

offering a gratuitous opinion, and at worst is exerting undue influence on the jury.”).

Here, Bavarian’s testimony is not helpful to the trier of fact because it offers no relevant expertise that would be useful to the jury. The trier of fact can also evaluate the manufacturer’s documents and determine whether an image is captured, created, stored, or transmitted by the scanners. Bavarian does not explain his conclusion that the fingerprint scanners do not capture fingerprint images and merely makes the conclusory statement that his “review of available materials indicates the Finger Scanners do not capture or store images of fingerprints from the live scan.” Report of Dr. Behnam Bavarian, ECF 369-1 at 28 (sealed). This conclusory testimony will not assist the trier of fact. *Hall*, 93 F.3d at 1344 (“Conclusory statements without any explanation why the expert can contribute to the jury’s understanding of the subject are also subject to exclusion.” (citing *Miller v. Pate*, 300 F.2d 414, 420 (7th Cir. 1962)); *see U.S. Gypsum Co. v. Lafarge N. Am. Inc.*, 670 F. Supp. 2d 768, 775 (N.D. Ill. 2009) (“‘[T]estimony that does little more than tell the jury what result to reach’ is unhelpful and thus inadmissable [sic] . . . .”) (first alteration in original) (quoting *Dahlin v. Evangelical Child & Fam. Agency*, No. 1:01-CV-1182, 2002 WL 31834881, at *3 (N.D. Ill. Dec. 18, 2002))); *Van v. Ford Motor Co.*, 332 F.R.D. 249, 271 (N.D. Ill. 2019) (“To the extent that Dr. Fitzgerald’s testimony is cited

in support of factual assertions that can be established without resort to expert testimony, Dr. Fitzgerald's opinions . . . also do not help the trier of fact to understand the evidence or to determine a fact in issue.").

Whether construed as a legal opinion or a factual one, Bavarian's testimony as to opinion three will not be helpful to the trier of fact and is therefore inadmissible.

V.

For the foregoing reasons, I grant Willis's motion to exclude.

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge
Dated: November 25, 2026